**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TERRY EUGENE KUTCH,** )<br>            Plaintiff,    )<br>                               )<br>**v.**                            )<br>                               )<br>**LUPE VALDEZ, et al.,**    )<br>            Defendants.  ) | **3:06-CV-1092-H**<br>**ECF** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>:  This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

<u>Parties</u>:  At the time of filing this action Plaintiff was incarcerated at the Dallas County Jail in Dallas, Texas. He was subsequently transferred to the Hutchins State Jail in Dallas, Texas, and then released. He is presently residing in Richland Hills, Texas.

Defendants are Dallas County Sheriff Lupe Valdez, Chief Deputy Edgar McMillan, Medical Staff Emetka Okarocha, and Officers Jones, Boyd and Lutz. (Amended Complaint at 3 and attached sheet). In addition to the above individuals, Plaintiff names as Defendants numerous John and Jane Does, which he identifies as follows: all Fourth Floor Officers, all nurses in the Fourth Floor Tower, all Doctors, Parkland Hospital CEO, Parkland Hospital Jail

...

Medical Administrator, County Commissioners, and the Grievance Committee at the Dallas County Jail during June 2006. (*Id.*).

The Court has not issued process in this case, pending preliminary screening. On June 26 and August 21, 2006, the Court issued an original and a supplemental questionnaire to Plaintiff, who filed his answers thereto on July 12, and September 7, 2006.

Statement of Case: Plaintiff, who allegedly suffers from high blood pressure, complains that Defendants failed to provide medication for his condition from May 22, 2006, until June 25, 2006, and then only sporadically from July 5, 2006, until August 17, 2006, when he was transferred to the Hutchins State Jail. (Answer to Suppl. Question No. 2). Plaintiff also complains that Defendants failed to monitor his hypertension to see if the medication was working. (Amended Complaint at 4). He seeks monetary relief and "medical care for life because of unknown future complications." (*Id.*).

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if

the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1]

Plaintiff's amended complaint seeks to sue numerous County, Jail and Parkland Hospital officials. To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (personal involvement is an essential element).

Moreover, supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737,

---

[1] Exhaustion of administrative remedies under 42 U.S.C. § 1997e(c), is mandatory before the filing of any suit challenging prison conditions. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)). While Plaintiff has not provided the Court with copies of any written grievances/documents as required in the Magistrate Judge's Questionnaire, he alleges that he never received a response to any of his grievances. (*See* Answer to Orig. Questions 14). It is, thus, unclear whether Plaintiff was prevented from exhausting his administrative remedies at the Dallas County Jail. Nevertheless, the Court may dismiss a claim as frivolous or for failure to state a claim without first requiring exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies).

739 (5th Cir. 1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivations, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

The amended complaint and answers to the magistrate judge's questionnaires fail to allege sufficient facts showing that the named defendants were "personally involved" in the events at issue in the complaint. Plaintiff concedes that he is seeking to sue Sheriff Valdez, Chief McMillian, Parkland Hospital CEO, Parkland Hospital Jail Medical Administartor, the County Commissioners, and the Grievance Committee because of their supervisory status over the different departments and employees at the Dallas County Jail. (Amended Complaint at 3 and attached sheets listing Defendants 6-13, and Answer to Questions 8-13). He alleges no other facts which this Court could liberally construe to allege that any of these Defendants were personally involved in any of the claims raised in this case.

With respect to Medical Staff Okarocha, Officers Jones, Boyd, and Lutz, all unknown officers, nurses, and doctors, Plaintiff alleges generally that they refused his repeated requests for medical attention. He alleges no other facts which this Court could liberally construe to allege that any of these Defendants were personally involved in the denial of medical care for his high blood pressure.

Assuming *arguendo* that Plaintiff were able to plead sufficient personal involvement of the named Defendants, his claims do not rise to an actionable constitutional claim. To state a colorable claim under the Eighth Amendment for denial of medical care, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious

4

medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton*, 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994).[2]

Plaintiff cannot allege that he suffered from a serious medical condition or need. His own allegations fail to establish whether his hypertension was ever diagnosed and whether treatment was prescribed. *See Gobert v. Caldwell,* 463 F.3d 339, 345 n. 12 (5th Cir. 2006) (serious medical need for Eighth Amendment purposes "is one for which treatment has been recommended"). Plaintiff complains generally of suffering from high blood pressure. He fails to provide any information about the extent of his condition, symptoms endured, or any medication or treatment that he received before or during his confinement at the Dallas County Jail. (Answer to Suppl. Question 4). While he received some unspecified medicine (which apparently changed all the time) during his confinement at the Dallas County Jail, he acknowledges that the Jail Medical records did not reflect that he was taking any medication for high blood pressure. (Answer to Suppl. Quest. 6). Moreover, following his transfer to the Hutchins State Jail, his hypertension has remained untreated. (*Id.*).

Nor can Plaintiff establish that his medical needs were so apparent that all Defendants would have recognized that care or medication was required. *Gobert*, 463 F.3d at 345 n. 12

---

[2] Even if Plaintiff was a pretrial detainee during some of the events in question, the same standard would apply to his claims under the Due Process Clause of the Fourteenth Amendment. *Wagner v. Bay City, Tex.,* 227 F.3d 316, 324 (5th Cir. 2000); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999).

(serious medical need is one for which "the need is so apparent that even laymen would recognize that care is required").  The answers to the questionnaires wholly fail to identify any symptoms that Plaintiff was suffering, and whether those symptoms would have been obvious to any of the officers, nurses, or other medical staff he came in contact with.  (Answer to Orig. Question 4).

Even assuming Plaintiff could establish that he suffered from a serious medical condition, he cannot demonstrate that Defendants acted with deliberate indifference.  Apart form listing the Defendants in the Amended Complaint, he fails to allege any facts to establish that they knew that he faced a substantial risk of serious bodily injury as a result of his medical condition being left untreated, and that they disregarded that risk by failing to take reasonable measures to abate it.  *(See* Amended Complaint at 3, *see also* Answer to Orig. Questions 7-13 with respect to Defendants Valdez, McMillian, and Okarocha).  "Deliberate indifference 'is an extremely high standard to meet.' " *Gobert*, 463 F.3d at 346.  Nevertheless, in this case, Plaintiff has failed to plead even the bare minimum facts to establish such deliberate indifference.

Lastly, the Court notes that Plaintiff has not alleged a sufficient physical injury to sustain a claim for damages for mental or emotional injury suffered while in custody.  *See* 42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999).  He merely points to future complications if high blood pressure remains untreated.  (Answer to Orig. Question 15 and Suppl. Question 7).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and 42 U.S.C. § 1997e(c)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 14th day of November, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.